**UNDER SEAL**

FILED 09 JUN '20 17:33 USDC-ORP

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:20-cr-** _00170- BR_ |
| v. | **INDICTMENT** |
| **ALFREDO T. CASTANEDA,** | **18 U.S.C. § 1343** |
| **Defendant.** | **18 U.S.C. § 1957** |
| | **Forfeiture Allegations** |
| | **UNDER SEAL** |

**THE GRAND JURY CHARGES:**

**COUNT 1 THROUGH COUNT 7**
**(Wire Fraud)**
**(18 U.S.C. § 1343)**

I.  **INTRODUCTION**

    1.    At all times material and relevant to this Indictment, defendant **ALFREDO T. CASTANEDA** (hereinafter **CASTANEDA**) was a resident of the Albuquerque, New Mexico area.  **CASTANEDA** held himself out as an experienced hotel developer, and the founder and president of an entity called AFRA Development Corporation.  **CASTANEDA** also held himself out as the president and operator of an entity called America's Oilfield Services LLC.

/ / /

/ / /

**Indictment**

2.    Adult Victim 1 (hereinafter AV1) is a business person and resident of the State of Oregon.  Adult Victims 2 and 3 (hereinafter AV2 and AV3) are residents of the State of Oregon and are the elderly parents of AV1.

3.    Adult Victim 4 (hereinafter AV4) is a business person and resident of the State of Hawaii.

## II.    THE MATERIAL SCHEME TO DEFRAUD

4.    Beginning in or about April 2015 and continuing through the date of this Indictment, in the District of Oregon and elsewhere, defendant **CASTANEDA**, together with persons known and unknown to the Grand Jury, did knowingly and intentionally devise and intend to devise a material scheme to defraud and to obtain money and property from AV1, AV2, AV3, and AV4 by means of materially false and fraudulent pretenses, representations, and promises, and through omissions of material facts.

## III.    MANNER AND MEANS

5.    It was part of the material scheme to defraud that on or about April 2, 2015, **CASTANEDA** opened a bank account ending in X3404 at U.S. Bank in Albuquerque, New Mexico, in the name of **ALFREDO T. CASTANEDA**, dba AFRA Development Co.

6.    It was part of the material scheme to defraud that on or about April 21, 2015, **CASTANEDA** opened a bank account ending in X8934 at Wells Fargo Bank in Albuquerque, New Mexico, in the name of **ALFREDO T. CASTANEDA**, dba AFRA Development Co.

7.    It was part of the material scheme to defraud that **CASTANEDA** attended a Latino Hotel Association event in Portland, Oregon in May 2015, where he represented himself as an experienced hotel developer.  At this conference, **CASTANEDA** met AV1, who was

interested in entering the hotel business as an investor, developer, and manager. **CASTANEDA** convinced AV1 that he could assist him with AV1's desire to enter the hotel development/management business.

8.      It was part of the material scheme to defraud that between May 2015 and July 2015, **CASTANEDA** met with AV1's parents, AV2 and AV3, in Oregon and New Mexico in order to convince them to invest with him.

9.      It was part of the material scheme to defraud that **CASTANEDA** proposed to AV1, AV2 and AV3 that they invest money with **CASTANEDA** and his oil services company, America's Oilfield Services LLC, so he could buy water trucks that supply water to oil drills. **CASTANEDA** promised that if the three invested money with him in the water trucks, they would earn a 10% return on their investment. **CASTANEDA** signed a promissory note promising that he would return their principal and interest by August 15, 2016. **CASTANEDA** also promised that the money earned by AV1, AV2, and AV3 on their investments in America's Oilfield Services LLC would be a sufficient amount for them to make an initial investment in the hotel development/management business.

10.     In order to induce AV1, AV2, and AV3 to invest, and to show them that he was a successful businessman, **CASTANEDA** provided them with an AFRA Development Corporation promotional brochure containing materially false representations about hotels his company had purportedly developed.

11.     **CASTANEDA** also provided AV1, AV2, and AV3 with a false State of New Mexico Certificate of Organization for AFRA Development Corporation; federal income tax forms and returns for an unnamed Carlsbad, New Mexico trucking company; and profit and loss

**Indictment**                                                                                              **Page 3**

statements for an unnamed Carlsbad, New Mexico trucking company, in an effort to convince them to invest with him.

12.    It was part of the material scheme to defraud that **CASTANEDA** used the email address afradevelcorp@gmail.com to communicate with and send documentation to AV1 and his parents.

13.    It was part of the material scheme to defraud that in or about July 15, 2015, **CASTANEDA** created a Nevada corporation for AV2 so that AV2 could make the investment on his and AV3's behalf.  On or about July 15, 2015, **CASTANEDA**, through his company American Oilfield Services, LLC, entered into a joint venture agreement and addendum with AV2 and AV3's Nevada corporation.  The joint venture agreement stated that AV2 and AV3's Nevada corporation would provide $75,000 to **CASTANEDA'S** company, American Oilfield Services LLC, between August 15, 2015, and August 15, 2016.  In the addendum to the joint venture agreement, **CASTANEDA** promised that he would repay the $75,000 plus 10% interest by August 15, 2016.

14.    It was part of the material scheme to defraud that based on **CASTANEDA'S** materially false and fraudulent pretenses, representations, promises, and omissions of material facts, AV1 deposited $4,200 into **CASTANEDA'S** AFRA Development Corporation Wells Fargo bank account ending in X8934 on or about July 9, 2015.

15.    Based on **CASTANEDA'S** materially false and fraudulent pretenses, representations, promises, and omissions of material facts, AV1 deposited $55,000 on behalf of his parents, AV2 and AV3, into **CASTANEDA'S** AFRA Development Corporation Wells Fargo bank account ending in X8934 on or about August 3, 2015.

**Indictment**                                                                                                          **Page 4**

16.     Based on **CASTANEDA'S** materially false and fraudulent pretenses, representations, promises, and omissions of material facts, AV1 deposited $20,000 into **CASTANEDA'S** AFRA Development Corporation U.S. Bank account ending in X3404 on or about October 1, 2015.

17.     It was part of the material scheme to defraud that **CASTANEDA** used a large portion of the funds of AV1, AV2, and AV3 for his personal expenses, and not for any investment in the hotel development/management business or in the oilfield services business. **CASTANEDA** never returned any principal or interest on the investment to AV1, AV2, or AV3 as he had promised.

18.     As part of the material scheme to defraud, in October 2015, **CASTANEDA** attended a Lodging Conference in Phoenix, Arizona that AV1 attended. **CASTANEDA** also met AV4, a business person from Hawaii, at this conference. **CASTANEDA** told AV4 that he was an experienced hotel builder with AFRA Development Corporation. **CASTANEDA** offered to help AV4 enter the hotel development business. Before AV4 left the conference, **CASTANEDA** gave him an investment contract that **CASTANEDA** claimed would get AV4's "foot in the door" in the hotel industry.

19.     AV4 returned to his home in Hawaii, reviewed the contract, and discussed it with **CASTANEDA** via email and telephone. AV4 decided to invest with **CASTANEDA** in a bare piece of land for the eventual development of a hotel. **CASTANEDA** used the email address afradevelcorp@gmail.com to communicate with and send documentation to AV4.

20.     On January 15, 2016, AV4 signed a "Joint Venture Agreement" that **CASTANEDA** had sent him via email, and wire transferred $45,640 to **CASTANEDA'S** AFRA

Development Corporation U.S. Bank account ending in X3404. On June 22, 2016, AV4 wire transferred another $20,000 to the above U.S. Bank account ending in X3404.

21.     It was part of the material scheme to defraud that **CASTANEDA** used AV4's investment funds for his personal expenses, rather than for any investment in the hotel development business as promised. **CASTANEDA** never returned any investment funds to AV4.

## IV.   THE WIRE TRANSFERS

22.     On or about the dates set forth below, in the District of Oregon and elsewhere, defendant **ALFREDO T. CASTANEDA**, for the purpose of executing the aforementioned material scheme and artifice to defraud, and attempting to do so, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, signals, and sounds, that is, wire transmissions of emails and attachments to those emails across state lines; as set forth below, each such use of the wires being a separate count of this Indictment:

| COUNT | DATE | ITEM WIRED | FROM | TO |
|:---:|:---:|:---:|:---:|:---:|
| 1 | 07/17/2015 | Email with attachment | New Mexico | Oregon |
| 2 | 07/20/2015 | Email with attachment | Oregon | New Mexico |
| 3 | 07/20/2015 | Email with attachment | New Mexico | Oregon |
| 4 | 07/21/2015 | Email with attachment | New Mexico | Oregon |
| 5 | 07/22/2015 | Email with attachment | Oregon | New Mexico |
| 6 | 07/23/2015 | Email with attachment | New Mexico | Oregon |
| 7 | 07/23/2015 | Email | Oregon | New Mexico |

In violation of Title 18, United States Code, Section 1343.

Indictment                                                                                      Page 6

## COUNT 8
### (Engaging in Monetary Transactions with Criminally Derived Property)
### (18 U.S.C. § 1957)

1.      The Grand Jury re-alleges and incorporates by reference herein, each and every

allegation contained in all paragraphs of Count 1 through Count 7 of this Indictment.

2.      Between on or about July 22, 2015, and on or about August 3, 2015, in the

District of Oregon and elsewhere, defendant **ALFREDO T. CASTANEDA** did knowingly

engage and attempt to engage in a monetary transaction by, through or to a financial

institution affecting interstate or foreign commerce, in criminally derived property of a value

greater than $10,000, that is: writing check number 1004 from U.S. Bank account ending in

X3403, in the name of **ALFREDO T. CASTANEDA** dba AFRA Development

Corporation, for the amount of $10,222, made payable to Power Ford; such property having

been derived from a specified unlawful activity, that is, Wire Fraud, a violation of 18 U.S.C.

§ 1343.

In violation of Title 18, United States Code, Section 1957.

## FIRST FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

1.      Upon conviction of one or more of the offenses alleged in Count 1 through Count

7 this Indictment, defendant **ALFREDO T. CASTANEDA** shall forfeit to the United States of

America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting

or derived from proceeds obtained directly or indirectly as a result of said violations, including

but not limited to, a sum of money representing the amount of proceeds obtained as a result of

the offenses alleged in Count 1 through Count 7, Wire Fraud, in violation of 18 U.S.C. § 1343.

**Indictment**                                                                                              **Page 7**

2.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without

difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

### SECOND FORFEITURE ALLEGATION
### (18 U.S.C. § 982(a)(1))

1.      Upon conviction of the offense alleged in Count 8 of this Indictment, defendant

**ALFREDO T. CASTANEDA** shall forfeit to the United States of America pursuant to 18

U.S.C. § 982(a)(1), any and all property, real or personal, involved in the money laundering

offenses and all property traceable to such property, including but not limited to a money

judgment for a sum of money equal to the amount of property involved in those offenses.

2.      If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without

difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b).

Dated: June 9, 2020                              A TRUE BILL.

OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

CLAIRE M. FAY, DCB #358218
Assistant United States Attorney

**Indictment**                                                          Page 9